# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | NO. 3:04CR-00021-C |
| THOMAS J. BONN | DEFENDANT |

## REPORT AND RECOMMENDATION

This matter was assigned to the magistrate judge for a hearing pursuant to a supervised release violation report filed by the United States Probation Office. On May 28, 2010, Mr. Bonn appeared before the court for a hearing, at which time he waived his right of allocution, waived his right to a preliminary hearing, and stipulated to probable cause. After considering the evidence, the arguments of and agreements reached by counsel, the advisory Sentencing Guidelines, and the 18 U.S.C. § 3553 factors incorporated into 18 U.S.C. § 3583(e), and for the reasons stated below, the magistrate judge recommends that Mr. Bonn's term of supervised release be revoked and that he be committed to the custody of the Bureau of Prisons for a term of six months, with no supervised release to follow.

### I. Findings of Fact

Mr. Bonn committed four counts of bank fraud in September 1998, for which the United States District Court for the Middle District of Tennessee sentenced him to twenty-one months imprisonment, with sixty months supervised release to follow.

On December 23, 2008, he was placed on supervised release in the Middle District of Tennessee. His term was to have continued through December 12, 2013. He subsequently moved to Louisville, and jurisdiction of his case transferred to the Western District of Kentucky in February 2004.

Not long thereafter, the Kentucky Department of Corrections took Mr. Bonn into custody for criminal charges that pre-dated his federal bank fraud offenses. He remained in state custody from April 5, 2004, until December 1, 2008, during which time his term of supervised release was tolled pursuant to 18 U.S.C. § 3624(e).

Beginning on March 6, 2010, Mr. Bonn began violating the terms of his supervised release. He began with an intoxicated phone call to his probation officer and drunk driving, followed shortly thereafter by repeated failures to maintain contact with the United States Probation Office or return his probation officer's phone calls. When he did call, he sounded drunk.

Mr. Bonn reported in person to the United States Probation office on March 18, 2010, which informed him that he had been placed in a local alcohol and drug abuse center, and that his initial meeting at the center was March 30. He failed to show up for that meeting. He also failed to respond to any subsequent attempts to contact him, until April 18, 2010, when he showed up in person with his guilty plea sheet from his March 2010 drunk driving charge.

On April 25, 2010, Mr. Bonn returned to the Probation Office and consented to modify his conditions of release to include entrance into Dismas House for ninety days, beginning May 18, 2010. On May 18, he left his probation officer a voice mail stating he was not going to Dismas House and, true to his word, he failed to report. The Probation Office then decided to seek revocation of Mr. Bonn's supervised release.

During Mr. Bonn's hearing on May 28, 2010, he stipulated that there was probable cause to revoke his supervised release, and waived his right to a hearing in front of the district judge. After discussing Mr. Bonn's conduct since his release from custody, he and his counsel agreed to a term of six months custody, with no supervised release to follow.

## II. Conclusions of Law

Title 18, Section 3583(e), of the United States Code permits a federal court to revoke a person's term of supervised release and require that person return to prison to serve all or part of the term of supervised release authorized by statute for the offense that initially gave rise to the supervised release. Before doing so, however, the court must consider certain of the factors set forth in 18 U.S.C. § 3553(a), specifically:

1. The nature and circumstances of the offense and the need for the history and characteristics of the defendant (18 U.S.C. § 3553(a)(1));

    2. The need for the sentence imposed

    a. to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B)),

    b. to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C)), and

    c. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D));

3. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission and in effect on the date the defendant is sentenced,[1] for a violation of a term of supervised release (18 U.S.C. § 3553(a)(4), (5));

---

[1]Except as provided in 18 U.S.C. § 3742(g).

> 4. The need to provide unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct 18 U.S.C. § 3553(a)(6); and
>
> 5. The need to provide restitution to any victims of the offense 18 U.S.C. § 3553(a)(7).

The magistrate judge has carefully considered all of the above factors in light of Mr. Bonn's underlying federal conviction and the evidence pertaining to his compliance (or lack thereof) with the terms of his supervised release.

The policy statement in Chapter 7 of the United States Sentencing Commission's Guidelines Manual states that Mr. Bonn's drunk driving conviction constitutes a Class C violation. His criminal history category, as determined at the time of his original sentence was Category IV. And, pursuant to Section 7B1.3(d), the advisory Guidelines suggest converting Mr. Bonn's un-served period of community confinement to an equivalent and additional period of confinement. Consequently, the suggested range of imprisonment applicable upon revocation of Mr. Bonn's supervised release is 6 to 15 months, which is based upon the Revocation Table in Section 7B1.4 of the advisory Sentencing Guidelines and the additional time suggested by Section 7B1.3(d).

It is the magistrate judge's opinion, shared by counsel for Mr. Bonn and the United States, and the Probation Office, that the low end of this range is an appropriate term of imprisonment, because Mr. Bonn's probation violations center exclusively on Mr. Bonn's chronic struggles with alcohol abuse, rather than other criminal activity, and because of the other 18 U.S.C. § 3553(a) factors to be considered.

## III.  Recommendation

Having considered the advisory sentencing guidelines and commentary thereto, 18 U.S.C. § 3583(e), and the 18 U.S.C. § 3553(a) factors incorporated in 18 U.S.C. § 3583(e), the magistrate judge recommends that Mr. Bonn's 54-month term of supervised release, which resumed on December 1, 2008, after years of tolling while he was in state custody, should be revoked.

The magistrate judge further recommends that Mr. Bonn be committed to the custody of the Federal Bureau of Prisons for a term of six months, with no supervised release to follow. Mr. Bonn appears unwilling or incapable of refraining from the use of alcohol, or settling in a stable residence, and is resistant to any treatment, but has not committed any additional crimes other than one directly caused by his alcohol consumption (*i.e.,* driving under the influence). Accordingly, the magistrate judge is of the opinion that the further imposition of a term of federally-supervised release, with the concomitant chance of future federal prison time for Mr. Bonn's likely future alcohol abuse and his inability or unwillingness to maintain a stable residence and report as required, would not be an efficient use of federal resources. The state judicial system is more than adequate to deal with any further alcohol-based offenses by Mr. Bonn.

DATE:  July 19, 2010

*James D. Moyer*
**James D. Moyer**
**United States Magistrate Judge**

cc:     counsel of record

## NOTICE

Specific objections to this report and recommendation must be filed within fourteen (14) days of service of them, or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); *United States v. Campbell*, 261 F.3d 328, 632 (6th Cir. 2001). **General objections, or objections that require a judge's interpretation are insufficient to preserve the right to appeal**. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).